**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 12-4474

_____

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

MARVIN LEE FORD,

    Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  John T. Copenhaver,
Jr., District Judge.  (2:11-cr-00174-1)

_____

Submitted:  December 11, 2012   Decided:  December 19, 2012

_____

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, Lex A. Coleman, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant.  R. Booth
Goodwin II, United States Attorney, Hunter P. Smith, Jr.,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Lee Ford was charged in a single-count indictment with possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Ford moved to suppress the firearm, arguing that it was seized during an unlawful search of his person during a traffic stop, when the officer conducted a pat-down under Terry v. Ohio, 392 U.S. 1 (1968), not properly justified by reasonable suspicion. The district court denied the suppression motion, adopting the Sixth Circuit's holding in United States v. Street, 614 F.3d 228 (6th Cir. 2010), and alternatively holding that the officer's conduct was justified by a reasonable, articulable suspicion that Ford was armed and dangerous. Ford subsequently was convicted by a jury and, based in part on the application of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006), received a within-Guidelines sentence of 188 months' imprisonment.

Ford timely appeals. On appeal, Ford challenges the court's denial of his motion to suppress the firearm, its evidentiary rulings and jury instructions, the propriety of prosecutorial statements made during closing argument, and the sentence imposed by the district court. Finding no error, we affirm.

Ford first argues that the district court erred in denying his suppression motion, asserting that the district

2

court misapplied Street and that the officer's conduct qualified as a Terry frisk unsupported by reasonable suspicion. In reviewing the district court's denial of a motion to suppress, "[w]e review the district court's legal determinations de novo and its factual determinations for clear error[,] . . . constru[ing] the evidence in the light most favorable to the government." United States v. Kelly, 592 F.3d 586, 589 (4th Cir. 2010). A court's reasonable suspicion determination is a legal conclusion to be reviewed de novo and determined on a case-by-case basis under the totality of the circumstances. United States v. Powell, 666 F.3d 180, 186-87 (4th Cir. 2011).

As this court has recently reaffirmed, "before an officer 'places a hand on the person of a citizen in search of anything, he must have constitutionally adequate, reasonable grounds for doing so.'" Id. at 185 (quoting Sibron v. New York, 392 U.S. 40, 64 (1968)). Under Terry, an officer may conduct a protective frisk of a driver or passenger if he "harbor[s] reasonable suspicion that the person subjected to the frisk is armed and dangerous." Arizona v. Johnson, 555 U.S. 323, 327 (2009). "The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." Terry, 392 U.S. at 27. Reasonable suspicion "is not readily, or even usefully,

3

reduced to a neat set of legal rules, but, rather, entails common sense, nontechnical conceptions that deal with factual and practical considerations of everyday life." United States v. Mason, 628 F.3d 123, 128 (4th Cir. 2010) (internal quotation marks omitted), cert. denied, 132 S. Ct. 329 (2011).

Ford asserts that the district court misconstrued Street and misapplied it to the facts of his case. The Government argues that this court should affirm the court's application of the Sixth Circuit's reasoning. However, we conclude that it is not necessary to determine whether the reasoning of Street should apply here, as the district court's alternative rationale, denying the suppression motion under the Terry mode of analysis, was sound. Crediting the district court's factual findings and viewing these facts together under the totality of the circumstances, we conclude that the officer's limited physical contact with Ford was justified by a reasonable, articulable suspicion that Ford was armed and dangerous. Thus, the district court properly denied Ford's motion to suppress.

Ford next argues that the district court prevented him from effectively presenting his defense by excluding as irrelevant Ford's brother's city of residence and by refusing to give Ford's requested "theory of defense" jury instruction.

4

Ford argues both that these errors are independently reversible and that they constitute reversible cumulative error.

"We review evidentiary rulings for abuse of discretion and will only overturn an evidentiary ruling that is arbitrary and irrational." United States v. Cloud, 680 F.3d 396, 401 (4th Cir.) (internal quotation marks omitted), cert. denied, 133 S. Ct. 218 (2012). Evidence is relevant if "it has any tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence." Fed. R. Evid. 401. "[R]elevance typically presents a low barrier to admissibility. Indeed, to be admissible, evidence need only be worth consideration by the jury, or have a plus value." United States v. Leftenant, 341 F.3d 338, 346 (4th Cir. 2003) (internal quotation marks and citation omitted).

Here, the court excluded evidence that Ford's brother, another passenger in the vehicle at the time of the traffic stop in question, lived in Huntington, West Virginia, approximately two years after the firearm was purchased in that city by an unrelated individual and fifteen months prior to the seizure of the weapon from Ford. Without additional evidence suggesting a connection between Ford's brother and the firearm or its original purchaser, however, we conclude that this evidence possessed no "plus value" adequate to justify its admission.

Thus, the district court did not abuse its discretion in excluding the evidence on this basis.

Turning to Ford's challenge to the jury instructions, we review for abuse of discretion a district court's decision to give or withhold a particular jury instruction. United States v. Green, 599 F.3d 360, 377 (4th Cir. 2010). As a general rule, a district court should instruct the jury as to the defendant's "theory of defense" if the proposed instructions are supported by the evidence adduced at trial and, "taken as a whole and in the context of the entire charge, the instructions accurately and fairly state the controlling law." Id. at 378. This court will reverse the district court's refusal to provide a theory of defense instruction only if the instruction "(1) was correct, (2) was not substantially covered by the court's charge to the jury, and (3) dealt with some point in the trial so important that the failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." Id. (internal quotation marks omitted).

While Ford's proposed instruction contained correct statements of the law, its content was covered by the other instructions provided by the court. Additionally, while Ford argues that the proposed instruction was necessary to present a coherent defense theory and to focus the jury's attention on the essential issue in dispute, Ford was able to forcefully argue

his theory of defense during closing argument.  Therefore, we conclude that the district court did not abuse its discretion in refusing to give Ford's proposed instruction.  Because we find no error in the district court's rulings regarding Ford's theory of defense, we likewise reject Ford's invitation to find cumulative error based on these rulings.  See United States v. Basham, 561 F.3d 302, 330 (4th Cir. 2009).

Ford next argues that the prosecutor made improper comments during closing argument that denied Ford a fair trial. "A prosecutor's improper closing argument may so infect the trial with unfairness as to make the resulting conviction a denial of due process."  United States v. Chong Lam, 677 F.3d 190, 209 (4th Cir. 2012) (internal quotation marks and alteration omitted).  We will reverse a conviction based on improper prosecutorial remarks only if "the remarks were, in fact, improper, and . . . the improper remarks so prejudiced the defendant's substantial rights that the defendant was denied a fair trial."  Id. (internal quotation marks omitted); see United States v. Wilson, 624 F.3d 640, 656-57 (4th Cir. 2010) (providing six-factor test for prejudice), cert. denied, 132 S. Ct. 451 (2011).

During closing argument, the prosecution is permitted to draw reasonable inferences from the evidence adduced during the trial.  United States v. Francisco, 35 F.3d 116, 120 (4th

7

Cir. 1994). However, the prosecutor must adhere to the "fundamental rule, known to every lawyer, that argument is limited to the facts in evidence." United States v. Lighty, 616 F.3d 321, 361 (4th Cir. 2010) (internal quotation marks omitted), cert. denied, 132 S. Ct. 451 (2011).

We conclude that Ford has not demonstrated reversible error on this basis. First, we conclude that the statements made by the Government—drawing an inference regarding the amount of time the gun may have been in Ford's pocket—presented one of several permissible inferences to be drawn from the available evidence. In any event, we conclude that any error on this basis did not render Ford's trial fundamentally unfair. Thus, we conclude that the prosecutor's statements—even if assumed to be erroneous—do not warrant reversal in this case.

Lastly, Ford argues that the sentence he received was greater than necessary to meet the goals of sentencing. We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). If the sentence is free of significant procedural error,[*] the court also reviews the substantive

---

[*] Ford does not challenge the procedural reasonableness of his sentence. See United States v. Palacios, 677 F.3d 234, 244 n.5 (4th Cir. 2011) (explaining that the defendant waives an argument by failing to raise it in his opening brief), cert. denied, 133 S. Ct. 124 (2012).

8

reasonableness of the sentence. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). The sentence imposed must be "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a) (2006). We presume a within-Guidelines sentence to be reasonable on appeal, and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).

Here, Ford argues that the ACCA enhancement overstated his criminal history and unduly enhanced his sentence. While Ford analogizes to United States v. Moreland, 437 F.3d 424, 436 (4th Cir. 2006), overruling on other grounds recognized by, United States v. Diosdado-Star, 630 F.3d 359 (4th Cir. 2011), we find this case readily distinguishable based on the severity of the predicate convictions at issue. In sentencing Ford, the district court identified these predicates and the need to protect the public and to deter further criminal conduct, concluding that a sentence at the bottom of the Guidelines range—only eight months greater than the mandatory minimum sought by Ford—was appropriate. Based on these factors, we conclude that Ford has not rebutted the presumption of reasonableness accorded his within-Guidelines sentence.

9

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED